**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2683
_____

CHARLES WHITNEY, Appellant

v.

M. LAMAS; MAJOR TOD ROBINSON; DEPUTY BOYLES; DEPUTY MILLER;
CPT. DYKE; LT. HOOVER; SGT. T. ROGERS; SGT. POWELL; LT. HARDY; C/O 1
PORTERS; C/O 1 OSBOURNE; J. HORTON; CPT. ETON; MAJOR SNEDEKER;
MAJOR MCNAHON; D.A. KUHN; C/O 1 NEARHOOD; C/O 1 M. ANTHONY; LT.
BAILEY; C/O 1 DRUCKIMILLER; FED RIEBSOME; MR. DOUGHERTY; C/O 1
CEPRISHA; C/O 1 TAYLOR; C/O 1 ANNSKI; CFSI JEDRZEJIK; C/O 1 SULLIVAN;
NURSE JANE DOE; C/O 1 JOHN DOE 1-5
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3-14-cv-00357)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2021
Before: MCKEE, SHWARTZ, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Charles Whitney, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting the defendants' motion for summary judgment in his civil rights action. We will dismiss the appeal for lack of appellate jurisdiction.

Whitney, a Pennsylvania state prisoner, filed a lengthy complaint against more than 30 defendants, most of whom worked at the Rockview State Correctional Institution. Whitney claimed that prison staff conspired and retaliated against him for filing a lawsuit and grievances. The alleged retaliation included, among other things, false misconduct charges and a transfer to SCI-Benner Township, where Whitney was incarcerated when he filed his complaint. Whitney also averred that he was confined in extremely cold cells, assaulted, and denied medical treatment for his injuries. He claimed violations of his First, Eighth, and Fourteenth Amendment rights and asserted state law claims, including defamation, battery, and intentional infliction of emotional distress.

The District Court partially granted the defendants' motion to dismiss the complaint. The defendants successfully moved to dismiss Whitney's claims against several defendants whose liability was premised on the handling of his grievances or who lacked personal involvement in the alleged violations. The District Court also dismissed, among other claims, Whitney's retaliation claims related to his lawsuit because that suit was too remote in time to support his claims. The District Court denied the defendants' motion to dismiss Whitney's Eighth Amendment claim of intentional confinement in an

extremely cold cell, his retaliation claims related to his filing of grievances, and his claim of a conspiracy to deny his civil rights.

The District Court required Whitney to submit an amended complaint "solely regarding his surviving claims . . . ." 2/13/15 Memorandum at 21. It explained that the amended complaint "should provide a brief factually specific description of each surviving alleged unconstitutional act," and it advised him of the requirements for stating a viable civil rights claim. Id. The District Court stated in its order that Whitney's claims of a conspiracy to retaliate for filing grievances by falsifying misconduct charges and engaging in other retaliatory acts, and his Eighth Amendment claims of excessive force, denial of medical treatment, and confinement in an extremely cold cell, survived. The District Court did not address Whitney's state law claims, which the defendants had noted in their filing but did not move to dismiss.

Whitney filed an amended complaint raising his constitutional and state law claims as well as a federal statutory claim involving his right to practice his religion. The District Court allowed the defendants to file bifurcated motions for summary judgment, first addressing exhaustion of administrative remedies and then addressing the merits of Whitney's claims.

The District Court granted the defendants' motion for partial summary judgment on many of Whitney's claims for failure to exhaust administrative remedies, which is required before a prisoner may pursue claims regarding prison conditions under 42 U.S.C. § 1983 or any other federal law. See 42 U.S.C. § 1997e(a). The claims included, among others, those related to the alleged cold cell conditions, assault, and denial of

3

medical treatment. The District Court ruled that Whitney had properly exhausted his administrative remedies as to several grievances involving damage to his property and tampering and interference with his mail. Whitney's claims related to these grievances, as well as his claims related to two alleged false misconduct reports, were allowed to proceed. Thereafter, the District Court granted summary judgment in favor of the defendants on the merits of these claims. This appeal followed.

Our appellate jurisdiction "is conferred and limited by Congress's grant of authority." Berckeley Inv. Grp., Ltd. v. Colkitt, 259 F.3d 135, 139 (3d Cir. 2001). Appellate jurisdiction under 28 U.S.C. § 1291, the applicable statute here, requires a "final decision" by a district court. Id. at 139-40. "'Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291.'" Id. at 140 (quoting Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999)).

As noted above, the defendants did not move to dismiss Whitney's state law claims and the District Court did not address these claims in adjudicating the motion to dismiss. Although the District Court did not identify the state law claims as surviving claims in its order partially granting the motion to dismiss, its memorandum reflects that it was specifying Whitney's surviving civil rights claims.

The defendants also recognized in their motions for summary judgment that Whitney had raised state law claims in his amended complaint, but they did not move for summary judgment as to those claims. When the District Court granted the summary judgment motions, it did not address the state law claims or direct the entry of a final

4

judgment pursuant to Federal Rule of Civil Procedure 54(b). In addition, there is no indication that Whitney abandoned his state law claims. See Bethel v. McAllister Bros., 81 F.3d 376, 382 (3d Cir. 1996) (stating a non-appealable order may become final where the plaintiff voluntarily abandons his claims). Because the District Court has not issued a final order resolving all of Whitney's claims, appellate jurisdiction is lacking.

It is also not entirely clear whether the District Court decided all of Whitney's claims under § 1983 against all of the defendants. The District Court granted partial summary judgment and then summary judgment in favor of some, but not all, of the named defendants. While claims against the other named defendants may have been implicitly encompassed in its decision granting partial summary judgment, the District Court should clarify its decision when it addresses Whitney's state law claims. To the extent Whitney contends in his brief that the District Court has not decided all of his federal claims, he should raise this contention when the case proceeds in the District Court.

Accordingly, we will dismiss this appeal for lack of jurisdiction.